U.S. DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

FEB 0 6 2007

FILED

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

SECURITIES AND EXCHANGE COMMISSION,

           Plaintiff,

v.

ANTHONY L. HURLEY,

           Defendant.

Civil No: 07-cv-00022-JM

**PERMANENT INJUNCTION AND ORDER OF DISGORGEMENT AS TO
DEFENDANT ANTHONY L. HURLEY**

The Securities and Exchange Commission having filed a Complaint and Defendant Anthony L. Hurley ("Hurley" or "Defendant") having entered a general appearance; consented to the Court's jurisdiction over Hurley and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Hurley and Hurley's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5

promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

> (a) to employ any device, scheme, or artifice to defraud;
>
> (b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or
>
> (c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Hurley and Hurley's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 13(b)(5) of the Exchange Act [15 U.S.C. § 78m(b)(5)] and Rules 13b2-1 and 13b2-2 promulgated thereunder [17 C.F.R. §§ 240.13b2-1 and 240.13b2-2] by:

> (a) knowingly circumventing or knowingly failing to implement a system of internal accounting controls, or knowingly falsifying any book, record or account described in Section 13(b)(2) of the Exchange Act; or
>
> (b) directly or indirectly falsifying or causing to be falsified any book, record or account subject to Section 13(b)(2)(A) of the Exchange Act; or
>
> (c) directly or indirectly making or causing to be made a materially false or misleading statement, or omitting to state or causing another person to omit to

        state any material fact, to an accountant in connection with any audit, review or examination of the financial statements of an issuer or company, or the preparation or filing of any document or report required to be filed with the Commission; or

(d)    directly or indirectly taking any action to coerce, manipulate, mislead, or fraudulently influence any independent public or certified public accountant engaged in the performance of an audit or review of financial statements required to be filed with the Commission where they knew or should have known that such action, if successful, could result in rendering financial statements materially misleading.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Hurley and Hurley's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Sections 13(a), 13(b)(2)(A) and 13(b)(2)(B) of the Exchange Act [15 U.S.C. §§ 78m(a), 78m(b)(2)(A) and 78m(b)(2)(B)] and Rules 12b-20, 13a-1 and 13a-13 thereunder [17 C.F.R. §§ 240.12b-20, 240.13a-1 and 240.13a-13], by knowingly providing substantial assistance to an issuer that:

(a)    fails to file with the Commission and as otherwise required any report, statement, document, information or copy required to be filed pursuant to Section 13(a) of the Exchange Act or any of the rules, regulations or forms promulgated thereunder, or fails to file such report, statement, document, information or copy

3

when, in such form as, and with such information as required or prescribed pursuant to Section 13(a) of the Exchange Act or any of the rules, regulations or forms promulgated thereunder; or

(b) files with the Commission or as otherwise required any report, statement, document, information or copy that: contains any untrue statement of a material fact; omits any material information; or otherwise fails to comply with the provisions of Section 13(a) of the Exchange Act or any of the rules, regulations or forms thereunder; or

(c) fails, in addition to the information expressly required to be included in a statement or report, to add or include such further material information as may be necessary to make the required statements, in the light of the circumstances under which they were made, not misleading;

(d) fails to make and keep books, records, and accounts, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of the issuer; or

(e) fails to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that: transactions are executed in accordance with management's general or specific authorization; transactions are recorded as necessary to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements, and to maintain accountability for assets; access to assets is permitted only in accordance with management's general or specific authorization; and the recorded accountability for assets is compared with the existing assets at

reasonable intervals and appropriate action is taken with respect to any differences.

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Hurley is liable for disgorgement of $24,498 (twenty-four thousand, four hundred, and ninety-eight dollars), representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $7,526 (seven thousand, five hundred and twenty-six dollars), for a total of $32,024 (thirty-two thousand and twenty-four dollars). Hurley shall satisfy this obligation by paying $32,024 (thirty-two thousand and twenty-four dollars) within ten business days of the date of this Final Judgment to the Clerk of this Court, together with a cover letter identifying Hurley as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Hurley shall simultaneously transmit photocopies of such payment and letter to the Commission's counsel in this action. By making this payment, Hurley relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Hurley. The Clerk shall deposit the funds into an interest bearing account with the Court Registry Investment System ("CRIS") or any other type of interest bearing account that is utilized by the Court. These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held in the interest bearing account until further order of the Court. In accordance with 28 U.S.C. §1914 and the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund. Such fee shall not exceed that authorized by the Judicial

Conference of the United States. The Commission may propose a plan to distribute the Fund subject to the Court's approval. Hurley shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. §1961.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent of Defendant Anthony L. Hurley is incorporated herein with the same force and effect as if fully set forth herein, and that Hurley shall comply with all of the undertakings and agreements set forth therein.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: _February 6_, 2007

_/s/ James R. Muirhead_
James R. Muirhead
UNITED STATES MAGISTRATE JUDGE